FILED
JUL 1 2 2006
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LLDG OPERATING COMPANY, INC.,
f/k/a Lease Marketing, Ltd.,
an Illinois Corporation, MARK
SIMMONS and KAREN DILLON,

Plaintiffs,

v.

GREAT AMERICAN INSURANCE
COMPANY,

Defendant.

Case No. 06 C 725

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Plaintiffs, a corporation and two of its shareholder-officers, Mark Simmons and Karen Dillon (hereinafter, "Plaintiffs," "Simmons," "Dillon," or "LLDG"), have sued Great American Insurance Co. (hereinafter, "Great American"), seeking reimbursement for defense costs they incurred in defending a lawsuit brought against them by the Corporation's former Chief Operating Officer and Shareholder, Phillip Battista ("Battista"). *Battista v. Simmons, et al.*, No. 03 CH 14993, in the Circuit Court of Cook County, Illinois. Plaintiffs seek reimbursement under the terms of a policy written by Great American. They also sought an order requiring the matter be arbitrated, but have advised the Court that they are no longer seeking arbitration.

The Battista suit consisted of five counts: Count I was brought individually and derivatively and sought injunctive relief, an accounting, imposition of a constructive trust, restitution, damages (actual and punitive) as well as attorneys' fees for breach of fiduciary duty against Simmons and Dillon; Count II was brought by Battista individually and sought an accounting and an order requiring LLDG to purchase Battista's shares; Count III sought declarations that LLDG had materially breached a purchase and sale agreement and an employment agreement between LLDG and Battista that contained certain restrictive covenants thus relieving Battista of the obligation to obey them; Count IV sought injunctive relief to restrain Simmons and Dillon from spending corporate money; and Count V sought damages for defamation. The suit was eventually settled and as stated above the Plaintiffs seek reimbursement for their defense costs.

Great American has filed a Motion to Dismiss the lawsuit contending that an "insured versus insured" provision of its policy excludes coverage for the defense costs of the Battista suit.

## II. DISCUSSION

Section IV, Paragraphs G and H of the Great American policy state:

> G. for any **Wrongful Act** of any **Insured Persons** serving as a director, officer, trustee or governor of an **Outside Entity** if such **Claim** is brought by the **Outside Entity** or by any director, officer, trustee or governor thereof; provided, however, this

- 2 -

exclusion shall not apply to any **Employment Practices Claim**;

H. by or on behalf of the **Company**, or any security holder of the **Company**, or any **Directors** or **Officers**, provided, however, this exclusion shall not apply to:

(1) any **Employment Practices Claim**;

(2) any **Claim** brought by any **Directors** or **Officers** where such **Claim** is in the form of a cross-claim or third party claim for contribution or indemnity which is part of and results directly from a **Claim** which is not otherwise excluded by the terms of this Policy; or

(3) any **Claim** brought by any security holder of the **Company** whether directly or derivatively, if the security holder bringing such **Claim** is acting totally independent of, and without the solicitation, assistance, active participation or intervention of any **Director** or **Officer** of the **Company**.

The purpose of an "insured versus insured" provision, a standard exclusion in directors and officers insurance policies, is to protect the insurer from collusive suits and suits where members of a corporation have a falling out. It is clear that the above suit was brought by an insured: the policy defines "insured" to include all officers and directors of the corporation, past, present and future. The "company" includes LLDG and its subsidiaries. So it is clear that Battista, a corporate officer (he was Chief Operating Officer), was suing LLDG, as well as corporate officers Simmons, LLDG's President and Chief Executive

Officer, and Dillon, LLDG's Executive-Vice President. The Complaint charges the defendants with committing "wrongful act[s]"

The Plaintiffs argue that the exclusion does not apply because the Battista claim was an employment practices claim which is specifically excluded from the insured versus insured provision. An "employment practices clam" in the policy is defined to include, *inter alia*, (2) employment related misrepresentation; (5) wrongful failure to employ or promote; (6) wrongful discipline; (7) wrongful deprivation of career opportunity; (10) failure to provide adequate workplace or employment policies and procedures; and (12) employment related libel, slander, defamation, or invasion of privacy. Great American contends that none of these "employment practices" are involved in the Battista suit.

It is clear that the only possible counts that could involve an employment practices claim are Count III, seeking to void restrictive covenants, and Count V, which charges defamation. Count I seeks equitable relief as a result of the alleged breaches of fiduciary duty on the part of Simmons and Dillon. This is officer versus officer and clearly not an employment practices claim. It is a claim by one officer against two others that the latter converted, misapplied, wasted and dissipated corporate assets. Count II seeks an order that LLDG buy Battista's shares in LLDG which is officer versus corporation and obviously not an

employment practices claim. Neither is Count IV which seeks to enjoin Simmons and Dillon from spending corporate funds.

However, Count III seeks relief from restrictive covenants which impose post employment restrictions on Battista, and Count V seeks damages for defamation. Great American cites *HS Services, Inc. V. Nationwide Mutual Insurance Co.*, 109 F.3d 642 (9th Cir. 1997) to exclude these counts from the employment practices exception to the insured versus insured exclusion. The *HS Services* case actually involved the opposite situation from what is involved in this case. The policy in that case excluded from coverage personal injury from, among others, any "other employment-related practices, policies, acts or omissions. The case involved a post termination defamation of a former employee who was at the time a competitor of the former employer. The Ninth Circuit held that the remarks clearly involved post employment and were not covered.

*HS Services* is instructive on both Counts III and V. Count III seeks to obtain relief from post-employment restrictions that resulted from three agreements that Battista signed either prior to or during the course of his employment as a corporate officer. However, he resigned from LLDG at the time he filed suit. Any connection to his employment as Chief Operating Officer therefore is in the words of the Ninth Circuit "too indirect and attenuated to qualify under the exclusion." In Count V Battista contends that Simmons made the following false or misleading

regarding Battista: (a) Battista did not want to meet with Simmons to discuss settlement; (b) Battista brought this suit for his personal financial gain putting in jeopardy the jobs of 300 corporate employees; (c) Battista violated valid restrictive covenants in competing with the corporate defendant; and (d) Battista entered the corporate premises after hours without authorization and copied customer data bases. It is clear that all of these alleged defamatory statements occurred post employment and thus not employment related claims under the reasoning of *HS Services*. Therefore none of the five counts of Battista's complaint falls outside of the insured verses insured exclusion.

### III. **CONCLUSION**

For the reasons contained herein, the Court grants Great American's Motion to Dismiss all five counts of Plaintiffs' Complaint.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: July 12, 2006